PLEATERS & STITCHERS ASSOCIATION, INC., and Another, Plaintiffs, *v.* MORRIS E. TAFT and Others, Defendants.

Supreme Court, New York County, February 20, 1928.

Trade unions — unlawful interference — complaint states good cause of action which alleges intimidation and coercion by defendants to compel plaintiffs to break contract — misjoinder of causes or of parties not ground for dismissal — defect may be cured under Rules of Civil Practice, rule 102.

The complaint alleges that the defendants have attempted and still continue to attempt by coercion, intimidation and duress, to force plaintiff association to break an agreement existing between itself, the International Ladies' Garment Workers' Union, and Local 41, and that they have threatened and intimidated the employees of the plaintiffs as well as other members of the plaintiff association. The right of the plaintiffs to protect themselves from the loss of their employees is not affected by the fact that the ultimate purpose of the defendants is to regain their positions in Local 41.

A good and sufficient cause of action is stated, at least in favor of the individual plaintiffs, whose employees are being interfered with.

Objection based on misjoinder of causes of action and of parties plaintiff cannot be considered on a motion to dismiss the complaint. Such defects can be cured only by motion to correct the pleading, made under rule 102 of the Rules of Civil Practice.

MOTION by defendants to dismiss the complaint.

*Kopp, Markewich & Null* [*Jerome G. Rosenhaus* of counsel], for the plaintiffs.

*Bondin & Wittenberg,* for the defendants.

FRANKENTHALER, J. The complaint alleges that the defendants " have attempted and still continue to attempt, by coercion, intimidation and duress, to force the plaintiff association to break " the agreement existing between itself, the International Ladies' Garment Workers' Union, and Local 41 of the union (¶ 21); that the defendants have molested, threatened and intimidated, and are

continuing to molest, threaten and intimidate by violence and assault " the employees of the plaintiffs as well as the other members of the plaintiff association " (¶ 20), and that all of the foregoing has been done in furtherance of a conspiracy on the part of the defendants, the aim of which is to regain the positions previously held by them in Local 41 (¶¶ 16, 20, 21 et seq.).   Expressed more briefly, the complaint charges that defendants in order to induce the association, of which the individual plaintiffs are members, to break its agreement with the union and Local 41, are molesting, intimidating and assaulting the employees of the individual plaintiffs.   Plaintiffs' right to protect themselves from the loss of their employees, as a result of the defendants' threats, intimidation and violence, cannot be affected or diminished by the fact that the *ultimate* object of the defendants is to regain their positions in Local 41 rather than to force plaintiffs to accede to demands of the union for better working conditions or higher wages.   The injury to plaintiffs is as serious and vital in the one case as in the other. It seems to the court that under the circumstances a good and sufficient cause of action is stated in the complaint, at least in favor of the individual plaintiffs whose employees are being interfered with.   This would be sufficient to require the denial of the motion to dismiss the complaint, even if it be assumed that no cause of action in favor of the association is stated.   Objections based upon misjoinder of causes of action and of parties plaintiff do not constitute grounds for the dismissal of the complaint.   Such defects, if they exist, can be cured only by a motion to correct the pleading under rule 102 of the Rules of Civil Practice.   The motion is, therefore, denied.   Order signed.